

## METHFESSEL & WERBEL
A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
STEPHEN R. KATZMAN#
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
MARC DEMBLING*+
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE,III+*
GINA M. STANZIALE>

Of Counsel
JOHN METHFESSEL, SR.>
(1964-1995)
DONALD L. CROWLEY*+
ED THORNTON*>

Counsel
CHRISTIAN R. BAILLIE+
JOSEPH D. CASTELLUCCI, JR.>
PAUL J. ENDLER JR.>
JAMES FOXEN^
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH>
CHARLES T. MCCOOK, JR.*>
MARC G. MUCCIOLO>
RICHARD A. NELKE~
STEVEN K. PARNESS+
BRENT R. POHLMAN+
AMANDA J. SAWYER^

Associates
SARAH K. DELAHANT+
EDWARD D. DEMBLING>
JASON D. DOMINGUEZ+
NATALIE DONIS+
MICHAEL R. EATROFF>
DAVID INCLE, JR.>
FRANK J. KEENAN+^
SCOTT KETTERER>

Associates, Cont'd
ALLISON M. KOENKE>
ALICIA C. LANGONE+
ADAM N. LEVITSKY>
OLIVIA R. LICATA+
ASHLEY E. MALANDRE^
JAMES V. MAZEWSKI+
DIAA J. MUSLEH+
KAJAL J. PATEL>
RAINA M. PITTS^
MATTHEW L. RACHMIEL>
WILLIAM J. RADA+
NABILA SAEED^
JARED S. SCHURE>
TIFFANY D. TAGARELLI>
STEVEN A. UNTERBURGER+
LEVI E. UPDYKE+^

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
>Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar

**Please reply to New Jersey**

December 21, 2018

**VIA ELECTRONIC FILING**
Clerk, United States District Court
Clarkson S. Fisher Fed. Bldg.
402 East State Street
Trenton, NJ 08608

RE:   **SADDY, JOHN VS. BOROUGH OF SEASIDE HEIGHTS, ET AL.**
       Our File No.       :  86976 ELH
       Docket No.         :  3:18-CV-16137

Dear Sir/Madam:

Enclosed please find the following documents:

☒ Answer on behalf of Christopher Vaz.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**

Eric L. Harrison
harrison@methwerb.com
Ext. 138

ELH:as/Encl.

Methfessel & Werbel, Esqs.
Our File No. 86976 ELH
Page 2


cc:   VIA EMAIL: tmallon@tmallonlaw.com
      Thomas J. Mallon, Esq.
      Mallon & Tranger, Esqs.
      86 Court Street
      Freehold, NJ 07728

      VIA EMAIL: tem@gm-law.net
      Thomas E. Monahan, Esq.
      Gilmore & Monahan, P.C.
      10 Allen Street, 4th Floor
      PO Box 1540
      Toms River, NJ  08754

      VIA EMAIL: KRiordan@kbrlawfirm.com
      Kevin B. Riordan, Esq.
      Kevin B. Riordan, Esq., LLC
      20 Hadley Avenue
      Toms River, NJ 08753

Eric L. Harrison - ID #033381993
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
mailbox@methwerb.com
Attorneys for Christopher Vaz
Our File No.  86976 ELH

| | |
|---|---|
| JOHN P. SADDY<br><br>        Plaintiff,<br><br>V.<br><br>BOROUGH OF SEASIDE HEIGHTS;<br>CHRISTOPHER VAZ, SEASIDE<br>HEIGHTS BOROUGH<br>ADMINISTRATOR; ANTHONY E. VAZ,<br>SEASIDE HEIGHTS MAYOR;<br>RICHARD TOMPKINS, MICHAEL<br>CARBONE; LOUIS DIGULIO; ANGES<br>POLHEMUS; HARRY SMITH;<br>VICTORIA GRAICHEN, SEASIDE<br>HEIGHTS COUNCIL MEMBERS;<br>KENNETH ROBERTS, ZONING<br>OFFICER; CHARLES LASKEY,<br>BUILDING INSPECTOR; THOMAS<br>BOYD, CHIEF OF POLICE; SERGEANT<br>LUIGI VIOLANTE, A SEASIDE<br>HEIGHTS POLICE OFFICER; JOHN<br>DOES 1-10, SEASIDE HEIGHTS<br>POLICE OFFICERS; AND JOHN DOES<br>11-20, SEASIDE HEIGHTS COUNCIL<br>MEMBERS; MUNICIPAL EMPLOYEES;<br>OFFICIALS; AND/OR APPOINTEES<br><br>        Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.: 3:18-CV-16137<br><br><br>Civil Action<br><br>**ANSWER** |

Defendant    Christopher    Vaz,    Seaside    Heights    Borough

Administrator, by way of Answer to the Complaint filed no November 14,

2018, responds as follows:

## JURISDICTION

1.      Admitted insofar as the Complaint articulates such claims and that jurisdiction is established in United States District Court; otherwise denied.

## PARTIES

2.      Denied.   The properties and licenses in question are not owned by the plaintiff but are owned by the Saddy Family, LLC, Karma Enterprises, LLC, SJV, Inc., and/or LASV, Inc.; otherwise denied.

3.      Admitted insofar as defendant Violante is a Seaside Heights Police Officer; otherwise denied.

4.      Admitted insofar as defendant Anthony E. Vaz has served as Mayor of the Borough of Seaside Heights commencing in 2015; otherwise denied.

5.      Admitted insofar as defendant Thomas Boyd has served as Chief of Police of the Borough of Seaside Heights; otherwise denied.

6.      Admitted insofar as this defendant currently serves as Borough Administrator; otherwise denied.

7.      Admitted insofar as the identified individuals presently serve as Seaside Heights Borough Council members; otherwise denied.

8.      Admitted insofar as defendant Kenneth Roberts has served as Zoning Officer for the Borough of Seaside Heights; otherwise denied.

9.      Admitted insofar as defendant Charles Laskey has served as Building Inspector for the Borough of Seaside Heights; otherwise denied.

10.   Admitted insofar as the Borough of Seaside Heights is a municipality within the State of New Jersey; otherwise denied.

## FACTUAL ALLEGATIONS

11.   Denied.

12.   Denied.

13.   Denied.

14.   Denied.

15.   Admitted insofar as the plaintiff has been involved in businesses which have operated bars, restaurants and nightclubs in Seaside Heights; denied to the extent that this paragraph suggests that the plaintiff has owned any of them; otherwise denied.

16.   Admitted insofar as this defendant believes that "Club Karma" and "Luna Rosa" opened in approximately 2002; otherwise denied.

17.   Admitted insofar as a site plan was approved for a restaurant to operate annexed to the Club Karma property upon its opening; otherwise denied.

18.   Denied insofar as none of these properties was owned by the plaintiff.

19.   Denied.

20.   Denied.

21.   Denied.

22.   Denied.

23.     Denied.

24.     Denied.

25.     Neither admitted nor denied; unknown to this defendant.

26.     Denied.

27.     Neither admitted nor denied; unknown to this defendant.

28.     Admitted insofar as an election was held in 1992; otherwise neither admitted nor denied; unknown to this defendant.

29.     Admitted insofar as an ordinance required additional police protection, although it was not directed towards the plaintiff individually. Nor was the plaintiff "forced to reimburse the borough," as the plaintiff himself did not own any nightclubs.  The nightclubs in question were owned by the Saddy Family, LLC, Karma Enterprises, LLC, SJV, Inc., and/or LASV, Inc.; otherwise denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Neither admitted nor denied; unknown to this defendant.

38.     Denied.

39.     Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Admitted.

46.    Admitted insofar as the plaintiff has met with Mr. Vaz during his tenure as the Borough Administrator, though Mr. Vaz has no recollection of the meeting described in this paragraph; otherwise denied.

47.    Denied.

48.    Admitted insofar that in early May 2018 Mr. Saddy introduced Mr. Vaz to a man whom he described as a "promoter."  Mr. Vaz explained the process for planning events on the beach and/or boardwalk.  Otherwise denied.

49.    Denied.

50.    Denied.

51.    Admitted insofar as Mr. Vaz spoke positively of events catering to the LGBTQ community and how such events had benefitted Asbury Park, which Seaside Heights hoped to emulate; otherwise denied.

52.    Denied.  While Mr. Vaz may have expressed to others that he believed that Mr. Saddy was attempting to set him up for litigation, he made no such comment to Mr. Saddy.  Otherwise denied.

53.    Denied; Mr. Vaz never made such a statement.

54. Neither admitted nor denied; unknown to this defendant.

55. Admitted insofar as Mr. Saddy made numerous calls to Borough Hall and stopped by in an effort to speak with Mr. Vaz. Further admitted that Mr. Vaz was not inclined to meet with Mr. Saddy. Otherwise denied.

56. Admitted insofar as the Borough filed a Complaint and Order to Show Cause seeking an injunction against the owners of Club Karma on May 22, 2018. As Mr. Saddy is not an owner of Club Karma he was not named as a defendant in that litigation. Otherwise denied.

57. Upon information and belief, admitted.

58. Neither admitted nor denied; unknown to this defendant.

59. Admitted insofar as summonses were issued; otherwise denied.

60. Neither admitted nor denied; unknown to this defendant.

61. Neither admitted nor denied; unknown to this defendant.

62. Neither admitted nor denied; unknown to this defendant.

63. Neither admitted nor denied; unknown to this defendant.

64. Neither admitted nor denied; unknown to this defendant.

65. Denied; "Hyperglow" was never run by the Borough in prior years. Rather, in 2014 another private event – Electric Adventure - occurred on the beach and was approved by the Council but not operated by the Borough; otherwise denied.

66.    Admitted insofar as Seaside Heights Police visited the premises on the night in question for legitimate reasons; otherwise denied.

67.    Denied.

68.    Neither admitted nor denied; unknown to this defendant.

69.    Admitted insofar as there were a number of EMS calls for intoxicated, overdosed and injured patrons; otherwise denied.

70.    Neither admitted nor denied; unknown to this defendant as to what the plaintiff actually witnessed or learned from his staff.

71.    Denied; prior to Hyperglow the Borough, through its attorney, sent a cease and desist letter directing Club Karma's owners to ensure that it is used in a manner consistent with its site plan approval. Additionally, after Hyperglow event the Borough filed a complaint with the Alcohol Beverage Commission and determined not to renew Club Karma's liquor license. Club Karma's owner, SJV, Inc., appealed this determination and the club remained open through the summer; otherwise denied.

72.    Denied.

73.    Admitted insofar as Mr. Vaz accurately reported what was reported to him about what had occurred that evening; otherwise denied.

74.    Admitted insofar as the Borough proposed revocation of the mercantile license locally; not with the Department of Law and Public

Safety. Further admitted insofar as the Borough filed the aforementioned complaint with the Alcohol Beverage Commission. Otherwise denied.

75.    First sentence denied; second sentence admitted.    Third sentences neither admitted nor denied; unknown to this defendant.

76.    First sentence admitted; second sentence denied.

77.    Denied; the ordinance applied to all businesses in town.

78.    Denied.

79.    Denied.

## **CAUSES OF ACTION**

### **COUNT I ("MONELL LIABILITY, BOROUGH of SEASIDE HEIGHTS")**

80.    See above responses.

81.    Denied as to this defendant.

82.    Denied as to this defendant.

83.    Denied.

84.    Denied.

### **COUNT II (SUPERVISORY LIABILITY)**

85.    See above responses.

86.    Denied as to this defendant.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

## COUNT III (FIRST AMENDMENT – RETALIATION)

91.　See above responses.

92.　Denied.

93.　Denied.

94.　Denied.

95.　Denied.

## COUNT IV

96.　See above responses.

97.　Admitted.

98.　Denied.

99.　Denied.

## COUNT V (FIFTH AMENDMENT – REGULATORY TAKING)

100.　See above responses.

101.　Denied.

102.　Denied.

103.　Denied.

104.　Denied.

## COUNT VI (CONSPIRACY TO VIOLATE CIVIL RIGHTS)

105.　See above responses.

106.　Denied.

107.　Denied.

108.　Denied.

109.　Denied.

110.  Denied.

**COUNT VII (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS)**

111.  See above responses.

112.  Denied.

113.  Denied.

114.  Denied.

115.  Denied.


**COUNT VIII (ACTION FOR NEGLECT TO PREVENT)**

116.  See above responses.

117.  Denied.

118.  Denied.

**COUNTY IX (NEW JERSEY STATE CONSTITUTION & NEW JERSEY CIVIL RIGHTS ACT)**

119.  See above responses.

120.  Admitted.

121.  Denied.

122.  Denied.

**WHEREFORE** defendant Christopher Vaz demands judgment in his favor dismissing with prejudice all claims against him and an award of fees, costs and such other relief as the Court may deem just and equitable.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Defendant was not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiff.

## THIRD SEPARATE DEFENSE

Any claims against answering defendant are barred by contributory negligence or should be mitigated by comparative negligence pursuant to N.J.S.A. 2A:15-5.1, et seq.

## FOURTH SEPARATE DEFENSE

Any and all injuries and damages were proximately caused by actions or negligence of plaintiff or by persons not under the control of this defendant.

## FIFTH SEPARATE DEFENSE

The court lacks subject matter jurisdiction over plaintiff's claims, as the businesses and licenses associated with them are owned by the Saddy Family, LLC, Karma Enterprises, LLC, and/or SJV, Inc.

## SIXTH SEPARATE DEFENSE

Any injuries and damages were caused by and arose out of risks of which plaintiff had full knowledge and which plaintiff assumed.

### SEVENTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the negligence of the plaintiff.

### EIGHTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the intentional behavior of the plaintiff.

### NINTH SEPARATE DEFENSE

Defendant owed no legal duty to the plaintiff.

### TENTH SEPARATE DEFENSE

Defendant breached no duty owed to the plaintiff.

### ELEVENTH SEPARATE DEFENSE

Defendant performed each and every duty, if any, owed to plaintiff.

### TWELFTH SEPARATE DEFENSE

Plaintiff has not been deprived of any right, privilege, or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

### THIRTEENTH SEPARATE DEFENSE

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity, and protection provided under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and hereby place plaintiff on notice that each such statutory provision is hereby raised as a separate and affirmative defense throughout every stage of the case.

## FOURTEENTH SEPARATE DEFENSE

Defendant is immune from liability for any damages for pain and suffering under <u>N.J.S.A.</u> 59:9-2.

## FIFTEENTH SEPARATE DEFENSE

Defendant is entitled to a credit for any benefits paid to plaintiff under <u>N.J.S.A.</u> 59:9-2.

## SIXTEENTH SEPARATE DEFENSE

Any actions or failure to act on the part of defendant were in the nature of the discretionary activity within meaning of <u>N.J.S.A.</u> 59:2-3.

## SEVENTEENTH SEPARATE DEFENSE

Defendant is entitled to the good faith immunity established by <u>N.J.S.A.</u> 59:3-3.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff failed to comply with the conditions precedent for making any claim against defendant by not filing the claim in the manner and within the time provided by <u>N.J.S.A.</u> 59:8-3, 59:8-4, 59:8-5, 59:8-7, and 59:8-8.

## NINETEENTH SEPARATE DEFENSE

The plaintiff(s) failed to file a timely notice of claim as required by <u>N.J.S.A.</u> 59:8-8, <u>et.</u> <u>seq</u>.

## TWENTIETH SEPARATE DEFENSE

Defendant is entitled to immunity under <u>N.J.S.A.</u> 59:2-2.

### TWENTY-FIRST SEPARATE DEFENSE

Defendant is entitled to immunity under N.J.S.A. 59:2-10.

### TWENTY-SECOND SEPARATE DEFENSE

Defendant is immune from any prejudgment interest under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

### TWENTY-THIRD SEPARATE DEFENSE

While denying any liability, any recovery to which plaintiff might otherwise be entitled to subject to the provisions and limitations provided in the New Jersey Tort Claims Act.

### TWENTY-FOURTH SEPARATE DEFENSE

Defendant neither took nor sanctioned any of the actions alleged by plaintiff.

### TWENTY-FIFTH SEPARATE DEFENSE

Neither this defendant nor any of its agents had any personal participation in the alleged occurrence.

### TWENTY-SIXTH SEPARATE DEFENSE

Defendant acted upon probable cause and in good faith in carrying out all duties.

### TWENTY-SEVENTH SEPARATE DEFENSE

Any action or inaction on the part of defendant was the result of the exercise of judgment or discretion vested in defendant within the meaning of the applicable law.

## TWENTY-EIGHTH SEPARATE DEFENSE

Defendant acted in good faith without malicious intent in carrying out all duties.

## TWENTY-NINTH SEPARATE DEFENSE

Defendant at all times acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances.

## THIRTIETH SEPARATE DEFENSE

While denying any liability, co-defendants were not acting as agents of this defendant at the times they committed the alleged acts in the Complaint.

## THIRTY-FIRST SEPARATE DEFENSE

While denying any liability, this defendant did not know and had no reasonable basis to know that co-defendants had the propensity to engage in the acts alleged in the Complaint.

## THIRTY-SECOND SEPARATE DEFENSE

All of the acts of defendant were performed in good faith and defendant is therefore entitled to qualified immunity.

## THIRTY-THIRD SEPARATE DEFENSE

Defendant is entitled to absolute immunity.

## THIRTY-FOURTH SEPARATE DEFENSE

To the extent alleged, if any, defendant did not engage in a conspiracy against plaintiff and did not have a custom, plan or practice that violated plaintiff's rights.

## THIRTY-FIFTH SEPARATE DEFENSE

Punitive damages cannot be awarded against defendant under both common law and statute.

## THIRTY-SIXTH SEPARATE DEFENSE

There is no basis in law or fact for the award of damages under the tort of emotional distress.

## THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of economic damages against defendant.

## THIRTY-EIGHTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of interest against defendant.

## THIRTY-NINTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of counsel fees against defendant.

## FORTIETH SEPARATE DEFENSE

Defendant did not violate any duty owed to plaintiff under common law, statute, regulations, or standards.

### FORTY-FIRST SEPARATE DEFENSE

Any alleged damages were due to unavoidable circumstances and causes beyond the control or fault of defendant.

### FORTY-SECOND SEPARATE DEFENSE

Defendant was acting pursuant to law in performing any of the acts alleged in the Complaint.

### FORTY-THIRD SEPARATE DEFENSE

Service of process not effectuated upon defendant, and defendant reserves the right to move to dismiss for insufficiency of process and insufficiency of service of process.

### FORTY-FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by the entire controversy doctrine.

### FORTY-FIFTH SEPARATE DEFENSE

This court lacks jurisdiction over one or more of plaintiff's claims.

### FORTY-SIXTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### FORTY-SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

### FORTY-EIGHTH SEPARATE DEFENSE

Plaintiff failed to take reasonable and necessary measures to mitigate damages.

## FORTY-NINTH SEPARATE DEFENSE

To the extent not inconsistent with anything pleaded herein, this defendant joins in the affirmative defenses asserted by the co-defendants.

## FIFTIETH SEPARATE DEFENSE

Defendant reserves its right to assert such other affirmative defenses as continuing investigation and discovery may indicate.

## FIFTY-FIRST SEPARATE DEFENSE

Defendant had legitimate, nondiscriminatory reasons for all acts and omissions of which plaintiff complains.

## FIFTY-SECOND SEPARATE DEFENSE

Plaintiff has failed to exhaust all available administrative remedies.

## FIFTY-THIRD SEPARATE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any harassing behavior and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to avoid harm otherwise.

## FIFTY-FOURTH SEPARATE DEFENSE

Plaintiff lacks standing to bring the underlying action as plaintiff is not a real party in interest pursuant to F.R.C.P. 17 , but rather the businesses and licenses associated with the plaintiff's claims are owned by the Saddy Family, LLC, Karma Enterprises, LLC, and/or SJV, Inc.

## ANSWER TO ALL CROSSCLAIMS

Defendant Christopher Vaz, by way of answer to any and all crossclaims which have been or will be interposed, denies each and every allegation of said crossclaims.

## DEMAND FOR DAMAGES

Attorneys for plaintiff are hereby required and requested to furnish the undersigned within five (5) days with a written statement of the amount of damages claimed in this action.

## JURY DEMAND

The defendant hereby demands trial by a jury as to all issues.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Christopher Vaz

By:_____
            Eric L. Harrison

DATED: December 21, 2018

Our File No.  86976

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

      l.     I am employed by the law firm of Methfessel & Werbel.

      2.     On December 21, 2018 the undersigned prepared and forwarded copies of the within Answer to the following parties:

> Clerk, United States District Court - Trenton
> Clarkson S. Fisher Fed. Bldg.
> 402 East State Street
> Trenton, NJ 08608
>
> VIA EMAIL: tmallon@tmallonlaw.com
> Thomas J. Mallon, Esq.
> Mallon & Tranger, Esqs.
> 86 Court Street
> Freehold, NJ 07728
>
> VIA EMAIL: tem@gm-law.net
> Thomas E. Monahan, Esq.
> Gilmore & Monahan, P.C.
> 10 Allen Street, 4th Floor
> PO Box 1540
> Toms River, NJ  08754
>
> VIA EMAIL: KRiordan@kbrlawfirm.com
> Kevin B. Riordan, Esq.
> Kevin B. Riordan, Esq., LLC
> 20 Hadley Avenue
> Toms River, NJ 08753

      3.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Morgan Downs*
_____
Morgan Downs