**GILMORE & MONAHAN, P.A.**
Ten Allen Street
P.O. Box 1540
Toms River, NJ 08754
(732) 240-6000
Attorneys for **Defendant, Borough of Seaside Heights**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN P. SADDY<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF SEASIDE HEIGHTS, CHRISTOPHER VAZ, Seaside Heights Borough Administrator; ANTHONY E. VAZ, Seaside Heights Mayor; RICHARD TOMPKINS, MICHAEL CARBONE; LOUIS DIGULIO; AGNES PLOLHEMUS; HARRY SMITH; VICTORIA GRAICHEN, Seaside Heights Council Members; KENNETH ROBERTS, Zoning Officer; CHARLES LASKY, Building Inspector; THOMAS BOYD, Chief Of Police; SERGEANT LUIGI VIOLANTE, A Seaside Heights Police Officer; JOHN DOES 1-10, Seaside Heights Police Officers; and JOHN DOES 11-20, Seaside Heights Council Members; Municipal Employees; Officials; And/or Appointees,<br><br>Defendants. | Civil Action No. 3:18-cv-16137<br><br>**ANSWER TO COMPLAINT, SEPARATE DEFENSES, AND COUNTERCLAIM** |

Defendant, **Borough of Seaside Heights**, having the business address of 901 Boulevard, Seaside Heights, New Jersey, 08751, by way of Answer to the Complaint, say:

## JURISDICTION

1. Denied.

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Allen Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

## PARTIES

2. Defendant is without sufficient information to form an answer to the allegations in paragraph 2 and leaves plaintiff to their proofs.

3. Denied except to admit that Luigi Violante served as a Seaside Heights Police Officer.

4. Denied except to admit that said defendant served as Mayor of the Borough of Seaside Heights.

5. Denied except to admit that Thomas Boyd served as Chief of Police.

6. Denied except to admit that Christopher Vaz served as Borough Administrator.

7. Denied except to admit that the named defendants were members of the governing body of Seaside Heights.

8. Denied except to admit that Kenneth Roberts served as the Zoning Officer for the Borough of Seaside Heights.

9. Denied except to admit that Charles Lasky served as the Building Inspector for the Borough of Seaside Heights.

10. Denied except to admit that the Borough of Seaside Heights is a Municipal Corporation of the State of New Jersey.

## FACTUAL ALLEGATIONS

11. The allegations in paragraphs 11 through 14 are denied.

12. Defendants are without sufficient information of belief to form an answer to the allegations of paragraph 15 and leaves plaintiff to his proofs.

13. The allegations in paragraphs 16 through 20 are denied.

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Allen Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

**B.   DEFENDANTS' HISTORY AND PATTERN OF POWER ABUSE BY POLICE AND BOROUGH OFFICIALS**

14. The allegations in paragraphs 21 through 35 are denied.

**C.   DEFENDANTS' RACIST AND DISCRIMINATORY POLICIES, PRACTICES AND/OR CUSTOMS**

15. The allegations in paragraphs 36 through 44 are denied.

16. These defendants are without sufficient information to form an answer to the allegations in paragraph 45 and leaves plaintiff to his proofs.

17. The allegations in paragraphs 46 through 47 are denied.

**D.   DEFENDANTS' RETALIATION**

18. The allegations in paragraph 48 through 79 are denied.

**CAUSES OF ACTION**
**COUNT I**
**42 U.S.C. § 1983**
**Monell Liability**
**Borough of Seaside Heights**

1. Defendant repeats its answers to the prior allegations as if the same were more fully set forth at length herein.

2. The allegations in paragraphs 81 through 84 are denied.

**WHEREFORE,** Defendant, **BOROUGH OF SEASIDE HEIGHTS,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

**COUNT II**
**42 U.S.C. § 1983**
**SUPERVISORY LIABILITY**

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Allen Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

1. Defendant repeats its answers to the prior allegations as if the same were more fully set forth at length herein.

2. These Defendants deny the allegations of paragraphs 86 through 90 and leave plaintiffs to their proofs. Pertaining to defendants Vaz and Boyd, they will be answered by separate counsel.

**WHEREFORE,** Defendant, **BOROUGH OF SEASIDE HEIGHTS** demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## COUNT III
## 42 U.S.C. § 1983
## FIRST AMENDMENT – RETALIATION

1. Defendant repeats its answers to the prior allegations as if the same were more fully set forth at length herein.

2. This Defendant denies the allegations of paragraphs 92 through 95 and leave plaintiffs to their proofs. Pertaining to defendants Vaz and Boyd, they will be answered by separate counsel.

**WHEREFORE,** Defendant, **BOROUGH OF SEASIDE HEIGHTS,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## COUNT IV
## 42 U.S.C. § 1983
## FOURTH AMENDMENT – ILLEGAL SEARCH

1. Defendant repeats its answers to the prior allegations as if the same were more fully set forth at length herein.

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Allen Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

2. This Defendant denies the allegations of paragraphs 97 through 99 and leave plaintiffs to their proofs. Pertaining to defendants Vaz and Boyd, they will be answered by separate counsel.

**WHEREFORE,** Defendant, **BOROUGH OF SEASIDE HEIGHTS,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

### COUNT V
### 42 U.S.C. § 1983
### FIFTH AMENDMENT – REGULATORY TAKING

1. Defendant repeats its answers to the prior allegations as if the same were more fully set forth at length herein.

2. This Defendant denies the allegations of paragraphs 101 through 104 and leave plaintiffs to their proofs. Pertaining to defendants Vaz and Boyd, they will be answered by separate counsel.

**WHEREFORE,** Defendant, **BOROUGH OF SEASIDE HEIGHTS,** demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

### COUNT VI
### 42 U.S.C. § 1983
### CONSPIRACY TO VIOLATE CIVIL RIGHTS

1. Defendant repeats its answers to the prior allegations as if the same were more fully set forth at length herein.

2. This defendant denies the allegations of paragraphs 106 through 110 and leave plaintiffs to their proofs. Pertaining to defendants Vaz and Boyd, they will be answered by separate counsel.

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Allen Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

**WHEREFORE,** Defendant, **BOROUGH OF SEASIDE HEIGHTS,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

### COUNT VII
### 42 U.S.C. § 1983
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

1. Defendant repeats its answers to the prior allegations as if the same were more fully set forth at length herein.

2. This Defendant denies the allegations of paragraphs 112 through 115 and leave plaintiffs to their proofs. Pertaining to defendants Vaz and Boyd, they will be answered by separate counsel.

**WHEREFORE,** Defendant, **BOROUGH OF SEASIDE HEIGHTS,** demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

### COUNT VIII
### 42 U.S.C. § 1986
### ACTION FOR NEGLECT TO PREVENT

1. Defendant repeats its answers to the prior allegations as if the same were more fully set forth at length herein.

2. This Defendant denies the allegations of paragraphs 117 through 118 and leave plaintiffs to their proofs. Pertaining to defendants Vaz and Boyd, they will be answered by separate counsel.

**WHEREFORE,** Defendant, **BOROUGH OF SEASIDE HEIGHTS,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Allen Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

## COUNT IX
## NEW JERSEY STATE CONSTITUTION AND
## NEW JERSEY CIVIL RIGHTS ACT ("NJCRA")

1. Defendant repeats its answers to the prior allegations as if the same were more fully set forth at length herein.

2. This Defendant denies the allegations of paragraphs 120 through 122 and leave plaintiffs to their proofs. Pertaining to defendants Vaz and Boyd, they will be answered by separate counsel.

**WHEREFORE,** Defendant, **BOROUGH OF SEASIDE HEIGHTS,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## RELIEF

1. The allegations of the Relief are denied.

**WHEREFORE,** Defendant, **BOROUGH OF SEASIDE HEIGHTS,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## SEPARATE DEFENSES

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. Defendants were not negligent.

3. Injuries complained of are the result of plaintiff's own negligence.

4. The accident and injuries alleged were caused or contributed to by the negligence of others over whom these Defendants have no control and for whom they had no legal liability.

5. While denying any negligence for the accident and injuries alleged, should the negligence of Plaintiffs be found to be not greater than that of Defendants, these Defendants demand

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Allen Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

damages be diminished by this percentage of negligence attributable to Plaintiff, pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

6. This suit is barred by the Statute of Limitations.

7. The applicability of the provisions of N.J.S.A. 59:2-1 and N.J.S.A. 59:2-2, as to the immunities available to the public entity and/or public employee are asserted.

8. The applicability of the provisions of N.J.S.A. 59:2-3 and N.J.S.A. 59:3-2, as to the absence of liability from the exercise of judgment or discretion are asserted.

9. The applicability of the provisions of N.J.S.A. 59:2-4, N.J.S.A. 59:3-3 and N.J.S.A. 59:3-4, as to the non-liability for any injury caused by adopting or failing to adopt a law or by failing to enforce a law are asserted.

10. The applicability of the provisions of N.J.S.A. 59:3-5 as to the non-liability of a public employee for an injury caused by its adoption or failure to adopt any law or by its failure to enforce any law are asserted.

11. The applicability of the provisions of N.J.S.A. 59:5-4 as to the failure to provide police protection service are asserted.

12. The applicability of the provisions of N.J.S.A. 59:8-3 through N.J.S.A. 59:8-7 regarding failure to provide adequate notice of claim are asserted.

13. The applicability of the provisions of N.J.S.A. 59:8-8 through N.J.S.A. 59:8-11 regarding failure to timely file notice of claim are asserted.

14. The applicability of the provisions of N.J.S.A. 59:9-1 through N.J.S.A. 59:9-7 concerning conditions of suit and judgment are asserted.

15. The accident and injuries alleged were caused or contributed to by the negligence of others over whom these defendants had no control and for whom they have no legal liability.

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Allen Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

16. At all times mentioned in the Complaint any and all actions or omissions of the defendants relating in any way to plaintiff's alleged damages involved decisions of the defendants within an area of non-actionable governmental discretion. By virtue of the said discretion, defendants are not liable to any party herein.

17. At all times defendants acted in good faith and accordingly are immune from any liability to the plaintiff.

18. These defendants did not act in any conspiracy against the plaintiff.

19. Plaintiff's civil rights were not violated.

20. These defendants acted in good faith and their actions were based on reasonable cause.

21. At all times pertinent to the allegations contained within the plaintiff's complaint, these defendants acted within the boundaries of their lawful authority.

22. These defendants, at no time pertinent to the allegations contained within plaintiff's complaint, acted intentionally, knowingly or maliciously in such a manner so as to cause the injuries alleged by the plaintiff.

23. At all times pertinent to the allegations contained within plaintiff's complaint, these defendants acted reasonably and properly in the execution of their duties.

24. The plaintiff is bound by representation of his attorney and the Court that probable cause existed and, therefore, may not maintain this action.

25. These defendants are entitled to qualified immunity.

26. These defendants are entitled to absolute immunity.

27. These defendants were acting in accordance with clearly established standards and accordingly are not liable to the plaintiff.

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Allen Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

28. The municipal defendants and all defendants acting in their official capacity are immune from punitive damages under the Civil Rights Act, 42 *U.S.C.* § 1983 and the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et. seq.

29. The cause of action alleged by the plaintiff is not cognizable under the Civil Rights Act, 42 *U.S.C.* § 1983 and 1985.

30. Plaintiff's complaint is barred by the Doctrine of Collateral Estoppel.

31. The Doctrine of *Respondeat Superior* does not apply in civil actions brought under 42 *U.S.C.* § 1983.

32. The complaint is insufficient and violates the Local Civil Rules governing the District of New Jersey.

33. Plaintiff fails to state a *Monell* claim.

34. Defendants hereby reserve the right to interpose such other defenses and objections as continuing discovery may disclose.

## COUNTERCLAIM FOR ATTORNEYS' FEES

1. The allegations contained in the Plaintiffs' complaint and any amended complaint are frivolous, groundless, and without merit as to the answering Defendant, **BOROUGH OF SEASIDE HEIGHTS.**

2. 42 U.S.C. § 1988 provides for the allowance of reasonable attorneys' fees to the prevailing party in an action or proceeding arising out of an alleged violation of § 1981, 1982, 1983, 1985, and 1986 of Title 42 of the United States Code.

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Allen Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

**WHEREFORE,** Defendant, **BOROUGH OF SEASIDE HEIGHTS,** demands judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no other party who should be joined in this action.

## DEMAND FOR JURY TRIAL

Demand is hereby made for a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules of Court, Michael S. Nagurka, Esq., has been designated as trial counsel in connection with this matter.

GILMORE & MONAHAN, P.A.
Attorneys for **Defendant, Borough of Seaside Heights**

By */s/ Michael S. Nagurka*
    **MICHAEL S. NAGURKA**
Date: March 20, 2019        For the Firm

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Allen Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754