KEVIN B. RIORDAN, ESQ. LLC
**Attorney I.D. No.:  011541984**
20 Hadley Avenue
Toms River, NJ 08753
Tel:  732-240-2250/Fax: 732-240-3334
E-mail Address:  kbrlaw@comcast.net
File No. 100-053 **[4525-KBR]**
Attorney for Defendant, Thomas Boyd, Chief of Police

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| JOHN P. SADDY, KARMA ENTERTAINMENT, LLC and SADDY FAMILY, LLC<br><br>                                      Plaintiff<br><br>                   v.<br><br>BOROUGH OF SEASIDE HEIGHTS; CHRISTOPHER VAZ, Seaside Heights Borough Administrator; ANTHONY E. VAZ, Seaside Heights Mayor; RICHARD TOMPKINS; MICHAEL CARBONE; LOUIS DiGULIO; AGNES POLHEMUS; HARRY SMITH; VICTORIA GRAICHEN, Seaside Heights Council members; KENNETH ROBERTS, Zoning Officer; CHARLES LASKEY, Building Inspector; THOMAS BOYD, Chief of Police; SERGEANT LUIGI VIOLANTE, a Seaside Heights Police Officer; JOHN DOES 1-10, Seaside Heights police officers; and JOHN DOES 11-20, Seaside Heights Council Members; Municipal Employees; Officials; and/or Appointees,<br><br>                                      Defendants. | Docket No.  3:18-cv-16137<br><br>Civil Action<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT, THOMAS BOYD, CHIEF OF POLICE** |

Defendant, Thomas Boyd, Chief of Police, by way of Answer to Plaintiffs' Complaint, says:

## JURISDICTION

1. It is admitted that the claims averred in the Complaint are such claims and that jurisdiction is established in the United States District Court. The remainder of plaintiffs' corresponding paragraph is denied.

## PARTIES

2. Answering defendant is without sufficient knowledge or information to either admit or deny the allegations in plaintiffs' corresponding paragraph. Plaintiffs are left to their proofs.

3. It is admitted that plaintiff, Karma Entertainment, LLC d/b/a/ Club Karma, is a nightclub located in Seaside Heights. The remainder plaintiffs' corresponding paragraph is denied.

4. It is admitted that plaintiff, Saddy Family, LLC, is a limited liability company that offers real estate management services. As to the remainder of plaintiffs' corresponding paragraph, answering defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and Plaintiffs are left to their proofs.

5. It is admitted that the named defendants were Seaside Heights police officers. The remainder of plaintiffs' corresponding paragraph is denied.

6. It is admitted that the defendant, Anthony Vaz, served as Mayor of Seaside Heights. The remainder of plaintiffs' corresponding paragraph is denied.

7. It is admitted that the defendant, Thomas Boyd, served as Chief of Police for Seaside Heights. The remainder of plaintiffs' corresponding paragraph is denied.

8. It is admitted that the defendant, Christopher Vaz, served as Borough Administrator for Seaside Heights. The remainder of plaintiffs' corresponding paragraph is denied.

9. It is admitted that the named defendants served as Seaside Heights Borough Council members. The remainder of plaintiffs' corresponding paragraph is denied.

10. It is admitted that the defendant, Kenneth Roberts, served as the Zoning Officer for Seaside Heights police officers. The remainder of plaintiffs' corresponding paragraph is denied.

11. It is admitted that the defendant, Charles Lasky, served as the Building Inspector for Seaside Heights. The remainder of plaintiffs' corresponding paragraph is denied.

12. It is admitted that the defendant, Borough of Seaside Heights, is a municipality. The remainder of plaintiffs' corresponding paragraph is denied.

## FACTUAL ALLEGATIONS

13. Denied.

14. Denied.

15. Admitted that Club Karma was cited for violations. The remainder of plaintiffs' corresponding paragraph is denied.

16. Denied.

17. Answering defendant is without sufficient knowledge or information to either neither admit or deny the allegations in plaintiffs' corresponding paragraph. Plaintiffs are left to his proofs.

18. Answering defendant is without sufficient knowledge or information to either admit or deny the allegations in plaintiff's corresponding paragraph. Plaintiffs are left to their proofs.

19. It is admitted that a site plan was approved for a restaurant to operate adjacent to the Club Karma property. Answering defendant is without sufficient knowledge or information to either admit or deny the remaining allegations in plaintiffs' corresponding paragraph. Plaintiffs are left to their proofs.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Answering defendant is without sufficient knowledge or information to either admit or deny the allegations in plaintiffs' corresponding paragraph. Plaintiffs are left to their proofs.

28. Answering defendant is without sufficient knowledge or information to either admit or deny the allegations in plaintiffs' corresponding paragraph. Plaintiffs are left to their proofs.

29. Answering defendant is without sufficient knowledge or information to either admit or deny the allegations in plaintiffs' corresponding paragraph. Plaintiffs are left to their proofs.

30. It is admitted that there was an election in 1992. Answering defendant is without sufficient knowledge or information to either admit or deny the remaining allegations in plaintiffs' corresponding paragraph. Plaintiffs are left to their proofs.

31. It is admitted that there was an ordinance passed that required additional police protection but it was not directed specifically towards the plaintiffs. Answering defendant is without sufficient knowledge or information to either admit or deny the remaining allegations in plaintiffs' corresponding paragraph. Plaintiffs are left to their proofs.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Answering defendont is without sufficient knowledge or information to either admit or deny the allegations in plaintiffs' corresponding paragraph. Plaintiffs are left to their proofs.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admitted.

48. Answering defendant is without sufficient knowledge or information to either admit or deny the allegations in plaintiffs' corresponding paragraph.  Plaintiffs are left to their proofs.

49. Answering defendant is without sufficient knowledge or information to either admit or deny the allegations in plaintiffs' corresponding paragraph.  Plaintiffs are left to their proofs.

50. Answering defendant is without sufficient knowledge or information to either admit or deny the allegations in plaintiffs' corresponding paragraph.  Plaintiffs are left to their proofs.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. It is admitted that the Borough of Seaside Heights filed a Verified Complaint and Order to Show Cause.  The remainder of plaintiffs' corresponding paragraph is denied.

59. Answering defendant is without sufficient knowledge or information to either admit or deny the allegations in plaintiffs' corresponding paragraph.  Plaintiffs are left to their proofs.

60. It is admitted that the clubs were inspected. The remainder of plaintiffs' corresponding paragraph is denied.

61. It is admitted that summonses were issued. The remainder of plaintiffs' corresponding paragraph is denied.

62. Denied.

63. It is admitted that inspectors arrived at the clubs. The remainder of plaintiffs' corresponding paragraph is denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. It is admitted that Seaside Heights police visited the premises on the night in question for legitimate reasons. The remainder of plaintiffs' corresponding paragraph is denied.

69. Denied.

70. Denied.

71. It is admitted that there were a number of EMS calls. The remainder of plaintiffs' corresponding paragraph is denied.

72. Answering defendant is without sufficient knowledge or information to either admit or deny the allegations in plaintiffs' corresponding paragraph. Plaintiffs are left to their proofs.

73. Denied.

74. Denied.

53. Denied.

76. It is admitted that the Borough proposed revocation of the merchantile license locally, not with the Department of Law and Public Safety. It is further admitted that the Borough

filed a complaint with the Alcohol Beverage Commission. The remainder of plaintiffs' corresponding paragraph is denied.

77. The first sentence is denied. The second sentence is admitted. Answering defendant is without sufficient knowledge or information to either admit or deny the remaining allegations in plaintiffs' corresponding paragraph. Plaintiffs are left to their proofs.

78. The first sentence is admitted. The second sentence is denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT I

82. Defendant, Thomas Boyd, Chief of Police, repeats, reiterates and incorporates by reference the answers set forth in the prior paragraphs as if set forth at length herein.

83. Denied as to answering defendant.

84. Denied as to answering defendant.

85. Denied.

86. Denied.

## COUNT II

87. Defendant, Thomas Boyd, Chief of Police, repeats, reiterates and incorporates by reference the answers set forth in the prior paragraphs as if set forth at length herein.

88. Denied as to answering defendant.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT III

93. Defendant, Thomas Boyd, Chief of Police, repeats, reiterates and incorporates by reference the answers set forth in the prior paragraphs as if set forth at length herein.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## COUNT IV

98. Defendant, Thomas Boyd, Chief of Police, repeats, reiterates and incorporates by reference the answers set forth in the prior paragraphs as if set forth at length herein.

99. Admitted.

100. Denied.

101. Denied.

## COUNT V

102. Defendant, Thomas Boyd, Chief of Police, repeats, reiterates and incorporates by reference the answers set forth in the prior paragraphs as if set forth at length herein.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

## COUNT VI

107. Defendant, Thomas Boyd, Chief of Police, repeats, reiterates and incorporates by reference the answers set forth in the prior paragraphs as if set forth at length herein.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

### COUNT VII

113. Defendant, Thomas Boyd, Chief of Police, repeats, reiterates and incorporates by reference the answers set forth in the prior paragraphs as if set forth at length herein.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

### COUNT VIII

118. Defendant, Thomas Boyd, Chief of Police, repeats, reiterates and incorporates by reference the answers set forth in the prior paragraphs as if set forth at length herein.

119. Denied.

120. Denied.

### COUNT IX

121. Defendant, Thomas Boyd, Chief of Police, repeats, reiterates and incorporates by reference the answers set forth in the prior paragraphs as if set forth at length herein.

122. Admitted.

123. Denied.

124. Denied.

Wherefore, answering defendant demands judgment in his favor dismissing plaintiff's Complaint, with prejudice, and awarding attorney's fees, costs of suit, and any other such relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Defendant was not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiffs.

### THIRD SEPARATE DEFENSE

Any claims against answering defendant are barred by contributory negligence or should be mitigated by comparative negligence pursuant to N.J.S.A. 2A:15-5.1, et seq.

### FOURTH SEPARATE DEFENSE

Any and all injuries and damages were proximately caused by actions or negligence of plaintiffs or by persons not under the control of this defendant.

### FIFTH SEPARATE DEFENSE

The court lacks subject matter jurisdiction over plaintiffs' claims, as the businesses and licenses associated with them are owned by the Saddy Family, LLC, Karma Enterprises, LLC, and/or SJV, Inc.

### SIXTH SEPARATE DEFENSE

Any injuries and damages were caused by and arose out of risks of which plaintiffs had full knowledge and which plaintiffs assumed.

### SEVENTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the negligence of the plaintiffs.

### EIGHTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the intentional behavior of the plaintiffs.

### NINTH SEPARATE DEFENSE

Defendant owed no legal duty to the plaintiffs.

### TENTH SEPARATE DEFENSE

Defendant breached no duty owed to the plaintiffs.

### ELEVENTH SEPARATE DEFENSE

Defendant performed each and every duty, if any, owed to plaintiffs.

### TWELFTH SEPARATE DEFENSE

Plaintiffs have not been deprived of any right, privilege, or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

### THIRTEENTH SEPARATE DEFENSE

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity, and protection provided under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and hereby place plaintiffs on notice that each such statutory provision is hereby raised as a separate and affirmative defense throughout every stage of the case.

### FOURTEENTH SEPARATE DEFENSE

Defendant is immune from liability for any damages for pain and suffering under N.J.S.A. 59:9-2.

### FIFTEENTH SEPARATE DEFENSE

Defendant is entitled to a credit for any benefits paid to plaintiffs under N.J.S.A. 59:9-2.

### SIXTEENTH SEPARATE DEFENSE

Any actions or failure to act on the part of defendant were in the nature of the discretionary activity within meaning of N.J.S.A. 59:2-3.

### SEVENTEENTH SEPARATE DEFENSE

Defendant is entitled to the good faith immunity established by N.J.S.A. 59:3-3.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiffs failed to comply with the conditions precedent for making any claim against defendant by not filing the claim in the manner and within the time provided by N.J.S.A. 59:8-3, 59:8-4, 59:8-5, 59:8-7, and 59:8-8.

### NINETEENTH SEPARATE DEFENSE

The plaintiffs failed to file a timely notice of claim as required by N.J.S.A. 59:8-8, et. seq.

### TWENTIETH SEPARATE DEFENSE

Defendant is entitled to immunity under N.J.S.A. 59:2-2.

### TWENTY-FIRST SEPARATE DEFENSE

Defendant is entitled to immunity under N.J.S.A. 59:2-10.

### TWENTY-SECOND SEPARATE DEFENSE

Defendant is immune from any prejudgment interest under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

### TWENTY-THIRD SEPARATE DEFENSE

While denying any liability, any recovery to which plaintiff might otherwise be entitled to subject to the provisions and limitations provided in the New Jersey Tort Claims Act.

### TWENTY-FOURTH SEPARATE DEFENSE

Defendant neither took nor sanctioned any of the actions alleged by plaintiffs.

### TWENTY-FIFTH SEPARATE DEFENSE

Neither this defendant nor any of its agents had any personal participation in the alleged occurrence.

### TWENTY-SIXTH SEPARATE DEFENSE

Defendant acted upon probable cause and in good faith in carrying out all duties.

### TWENTY-SEVENTH SEPARATE DEFENSE

Any action or inaction on the part of defendant was the result of the exercise of judgment or discretion vested in defendant within the meaning of the applicable law.

### TWENTY-EIGHTH SEPARATE DEFENSE

Defendant acted in good faith without malicious intent in carrying out all duties.

### TWENTY-NINTH SEPARATE DEFENSE

Defendant at all times acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances.

### THIRTIETH SEPARATE DEFENSE

While denying any liability, co-defendants were not acting as agents of this defendant at the times they committed the alleged acts in the Complaint.

### THIRTY-FIRST SEPARATE DEFENSE

While denying any liability, this defendant did not know and had no reasonable basis to know that co-defendants had the propensity to engage in the acts alleged in the Complaint.

### THIRTY-SECOND SEPARATE DEFENSE

All of the acts of defendant were performed in good faith and defendant is therefore entitled to qualified immunity.

### THIRTY-THIRD SEPARATE DEFENSE

Defendant is entitled to absolute immunity.

### THIRTY-FOURTH SEPARATE DEFENSE

To the extent alleged, if any, defendant did not engage in a conspiracy against plaintiffs and did not have a custom, plan or practice that violated plaintiffs' rights.

### THIRTY-FIFTH SEPARATE DEFENSE

Punitive damages cannot be awarded against defendant under both common law and statute.

### THIRTY-SIXTH SEPARATE DEFENSE

There is no basis in law or fact for the award of damages under the tort of emotional distress.

### THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiffs are not entitled to an award of economic damages against defendant.

### THIRTY-EIGHTH SEPARATE DEFENSE

Plaintiffs are not entitled to an award of interest against defendant.

### THIRTY-NINTH SEPARATE DEFENSE

Plaintiffs are not entitled to an award of counsel fees against defendant.

### FORTIETH SEPARATE DEFENSE

Defendant did not violate any duty owed to plaintiffs under common law, statute, regulations, or standards.

### FORTY-FIRST SEPARATE DEFENSE

Any alleged damages were due to unavoidable circumstances and causes beyond the control or fault of defendant.

### FORTY-SECOND SEPARATE DEFENSE

Defendant was acting pursuant to law in performing any of the acts alleged in the Complaint.

### FORTY-THIRD SEPARATE DEFENSE

Service of process not effectuated upon defendant, and defendant reserves the right to move to dismiss for insufficiency of process and insufficiency of service of process.

### FORTY-FOURTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the entire controversy doctrine.

### FORTY-FIFTH SEPARATE DEFENSE

This court lacks jurisdiction over one or more of plaintiffs' claims.

### FORTY-SIXTH SEPARATE DEFENSE

Plaintiffs' Complaint is barred by the applicable statute of limitations.

### FORTY-SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

### FORTY-EIGHTH SEPARATE DEFENSE

Plaintiffs failed to take reasonable and necessary measures to mitigate damages.

### FORTY-NINTH SEPARATE DEFENSE

To the extent not inconsistent with anything pleaded herein, this defendant joins in the affirmative defenses asserted by the co-defendants.

### FIFTIETH SEPARATE DEFENSE

Defendant reserves its right to assert such other affirmative defenses as continuing investigation and discovery may indicate.

### FIFTY-FIRST SEPARATE DEFENSE

Defendant had legitimate, nondiscriminatory reasons for all acts and omissions of which plaintiffs complain.

### FIFTY-SECOND SEPARATE DEFENSE

Plaintiffs have failed to exhaust all available administrative remedies.

## FIFTY-THIRD SEPARATE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any harassing behavior and plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to avoid harm otherwise.

## ANSWER TO ALL CROSSCLAIMS

Defendant Christopher Vaz, by way of answer to any and all crossclaims which have been or will be interposed, denies each and every allegation of said crossclaims.

## DEMAND FOR DAMAGES

Attorneys for plaintiffs are hereby required and requested to furnish the undersigned within five (5) days with a written statement of the amount of damages claimed in this action.

## JURY DEMAND

Answering defendant demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules of Court, Kevin B. Riordan, Esquire, is hereby designated as trial counsel for the answering defendant, Thomas Boyd, Chief of Police.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I certify that to the best of my knowledge there are no other pending actions or arbitration proceedings concerning the subject of this action, and that no such other actions or arbitration proceedings are contemplated at this time.  I further certify that I know of no other persons who should be joined as parties in this action at this time.

**LAW OFFICE OF KEVIN B. RIORDAN, ESQ.**
Attorneys for Defendant, Thomas Boyd,
Chief of Police

By: /s/ Kevin B. Riordan
_____
Kevin B. Riordan, Esquire

Dated:  April 10, 2019