UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2182

CHAMBERS OF
FREDA L. WOLFSON
CHIEF UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Federal
Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**LETTER ORDER**

February 27, 2020

Thomas J. Mallon, Esq.
Mallon & Tranger
86 Court Street
Freehold, NJ 07728

Eric L. Harrison, Esq.
Methfessel & Werbel, Esqs.
2025 Lincoln Highway, Suite 200
Edison, NJ 08818

Thomas E. Monahan, Esq.
Dasti, Murphy, McGuckin, Ulaky, Koutsouris & Connors
620 West Lacey Road, PO Box 1057
Forked River, NJ 08731

     RE: *John P. Saddy, et al. v. Borough of Seaside Heights, et al.*
        Civ. Action No.: 18-16137 (FLW) (LHG)

Counsel:

  This matter comes before the Court on Moving Defendant Christopher Vaz's ("Moving Defendant") motion to dismiss the claims of Plaintiffs John P. Saddy ("Saddy"), Karma Entertainment, LLC ("Karma LLC" or "Club Karma"), and Saddy Family, LLC ("Saddy LLC") (collectively, "Plaintiffs") for lack of standing, pursuant to Federal Rule of Civil Procedure 12(b)(1). In the present matter, Plaintiffs filed a First Amended Complaint ("FAC") against

-1-

Defendants Vaz (the Seaside Heights Borough Administrator), the Borough of Seaside Heights, and various Seaside Heights officials and employees ("Defendants"), bringing claims for violations of 42 U.S.C. §§ 1983, 1985, and 1986, violations of the First, Fourth, and Fifth Amendments of the United States Constitution, and other civil rights violations. In his motion, Moving Defendant argues that Saddy, individually, lacks constitutional standing to bring the present claims and, therefore, should be dismissed from the case. For the following reasons, Moving Defendant's motion is granted, and Saddy is dismissed from the case.

In the FAC, Plaintiffs allege that Defendants took retaliatory actions against Plaintiffs that resulted in significant financial loss. Specifically, Plaintiffs allege that Defendants instituted discriminatory and racist policies towards African Americans and LGBTQ individuals, such as restrictions on dress codes, playing rap music, and hosting hip-hop/rap and LGBTQ themed events, with the purpose of discouraging African American and LGBTQ patrons from attending Club Karma. FAC at ¶¶ 38-49. Plaintiffs further allege that, after they refused to comply with these policies, Defendants retaliated against them by ordering a police raid over Memorial Day weekend in 2018, thereby creating the justification for the Borough of Seaside Heights to shut down the club. *Id.* at ¶¶ 50-81. After Plaintiffs filed the present action, the parties engaged in limited discovery to address the standing issue, including, *inter alia*, whether Defendants' alleged actions resulted in Saddy's personal financial loss. In that regard, based on the record, it appears that Saddy receives the profits for operating Club Karma, in which he has a 50% ownership interest, and he also has a 90% ownership interest in Saddy LLC. *See* Harrison Aff., Ex. H at 23:19-24:7. Saddy LLC served as the landlord for Club Karma, and in order for Club Karma to pay its own rent to Saddy LLC, Club Karma, in turn, served as the landlord for a

restaurant located on the same block. *See id.*, Ex. H at 14:14-15:4. Before the police raid on the club, Club Karma purportedly had a verbal rental agreement with a prospective tenant for $200,000-$300,000, but the prospective tenant backed out after the raid. *See id*. As a result, Plaintiffs contend that Saddy LLC could not make certain payments to its creditors, and both Saddy LLC and Club Karma were forced to file for bankruptcy, resulting in personal financial loss to Saddy. *See* Pls. Opp. Br., Ex. A, 65:6-16. In the present motion, Moving Defendant argues that this financial loss cannot be the basis for Saddy's injury-in-fact, such that he has standing to sue personally.

Rule 12(b)(1) requires the court to grant a motion to dismiss if the court lacks subject-matter jurisdiction to hear a claim. Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of standing. Fed. R. Civ. P. 12(b)(1); *see also Society Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 175 (3d Cir. 2000). Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Indeed, "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016). "The standing inquiry . . . focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (quoting *Davis v. FEC*, 554 U.S. 724, 734 (2008)) (alterations original).

To show standing, a plaintiff must establish: "(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d

262, 272 (3d Cir. 2016) (quoting *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016)) (internal quotations and citations omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo*, 136 S. Ct. at 1547 (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)) (footnote omitted).

In the present matter, the sole issue is whether Plaintiffs have established the first prong of the standing analysis: that Saddy was injured in fact. "It is well established that a stockholder, director, officer or employee of a corporation has no personal or individual right of action against third persons for damages that result indirectly to the individual because of an injury to the corporation." *Temp-Way Corp. v. Cont'l Bank*, 139 B.R. 299, 316–17 (E.D. Pa. 1992), *aff'd*, 981 F.2d 1248 (3d Cir. 1992) (citing *Pitchford v. PEPI, Inc.,* 531 F.2d 92, 97 (3d Cir. 1975); *Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727, 732 (3d Cir. 1970); *Nagle v. Commercial Credit Business Loans Inc.,* 102 F.R.D. 27, 29 (E.D. Pa. 1983)). In that regard, the shareholder, officer, or owner does not have standing to sue unless he "suffers an[ ] injury separate and distinct from that suffered by the corporation as a result of the wrongdoer's actions." *D'Antonio v. Borough of Allendale*, No. 16-816, 2017 WL 701384, at *7 (D.N.J. Feb. 21, 2017) (quoting *Marchese v. Umstead*, 110 F. Supp. 2d 361, 367 (E.D. Pa. 2000)). Personal loss, such as loss of income or diminution in the value of shares, incurred as a result of a corporation's losses does not constitute an individual loss sufficient to confer standing. *Winer Family Trust v. Queen,* 503 F.3d 319, 338 (3d Cir. 2007); *Grimm v. Borough of Norristown,* 226 F.Supp.2d 606, 632 (E.D. Pa. 2002). This is true even where

the individual is a sole owner or shareholder, or a key employee. *See Grimm,* 226 F.Supp.2d at 632.

Here, Plaintiffs' only argument regarding Saddy's standing is that he personally suffered financial harm from Defendants' actions against Club Karma. Specifically, they contend that "[t]he retaliatory actions of Defendants leading to the raid and closing of Club Karma set off a domino effect of events leading to [Saddy's] personal financial losses." ECF No. 29 at 7. In focusing solely on Saddy's personal financial losses, however, Plaintiffs have not demonstrated that Saddy personally suffered any type of harm that is "separate and distinct" from the harm to the business. Indeed, the facts here are nearly identical to those in *Grimm v. Borough of Norristown*. There, Grimm Brothers Realty Company and Gary Grimm, the company's president and sole officer, sued the Borough of Norristown and its officers by bringing § 1983 claims for violations of their First and Fourteenth Amendment rights. 226 F. Supp. 2d at 632. They alleged that the defendants issued citations and brought condemnation actions in retaliation for the plaintiffs' exercise of their free speech rights. *Id*. at 618. The court found that Grimm only had standing to challenge the defendants' alleged violations of his own constitutional rights, *i.e.*, retaliatorily issuing citations against him, personally, for occupying condemned property. *Id.* at 634. However, he lacked any standing where the alleged injury was only to the company, and he only "suffered personal loss by virtue of losses incurred by the corporation." *Id.* at 632.

Plaintiffs, here, have not alleged that Saddy suffered any harm apart from personal financial loss stemming from Club Karma's closure. There is no allegation that Defendants discriminated against Saddy individually, or otherwise violated his individual constitutional rights, as is required to confer standing. It is of no moment that Saddy was a majority owner of the entities, or that his

personal financial losses may have been significant. Because Plaintiffs have only alleged injuries to the corporation, Saddy does not individually have standing to sue. *See also D'Antonio*, 2017 WL 701384, at *7 ("[E]ven assuming [the plaintiff] is the sole owner and/or the sole executive, he lacks standing to bring claims based on injuries to [the company], its interests, or its property."); *Jin Fu Zhong v. Sweeny*, No. 08-2204, 2011 WL 1193011, at *9 (E.D. Pa. Mar. 29, 2011) ("[Plantiff's] alleged injury relates to the diminution of the corporation's assets, which is insufficient to confer standing on an individual, even if he is the sole shareholder.").

Accordingly, for the foregoing reasons, Moving Defendant's partial Motion to Dismiss [ECF No. 25] is **GRANTED**, and Saddy is **DISSMISSED** from the case.

**SO ORDERED.**

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge